IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00597-GPG

JOHN R. STASZAK,

    Plaintiff,

v.

ROBBIE BOLTON,
DONNA L. GONZALES,
DANA KRAKOW,
LEONARD WOODSON III,
ASTRIA LOMBARD,
ANTHONY DECESARO, and
RICK RAEMISCH,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, John R. Staszak, is in the custody of the Colorado Department of Corrections (CDOC) at the Colorado Territorial Correctional Facility in Canón City, Colorado.  Mr. Staszak has filed *pro se* a Prisoner Complaint asserting a violation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  He has been granted leave to proceed *in forma pauperis*.

    The Court must construe the Complaint liberally because Mr. Staszak is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Staszak will be ordered to file an amended complaint.

    In the Prisoner Complaint, Mr. Staszak alleges that he was sentenced to a 12-

year prison term in the CDOC in May 2010, after he violated the terms of his probation. He alleges that he was sentenced pursuant to the Colorado Sex Offender Lifetime Supervision Act of 1998, COLO. REV. STAT. §§18-1.3-1001, *et seq.*, and is not eligible for parole unless he completes a sex offender treatment program.  Plaintiff states that he has been on a waiting list for sex offender treatment for four years. He alleges that because he has not been placed in sex offender treatment, he has been denied eligibility for parole and community corrections placement, in violation of his federal due process rights.  For relief, Mr. Staszak ask the Court order the Defendants to: (1) provide him with a psycho-sexual evaluation so the Colorado Parole Board and the Colorado Community Corrections Board can make an informed decision regarding his transition back into the community; and, (2) place him in SOTMP treatment so that his progress can be assessed before his next parole hearing.  It is not clear whether Plaintiff seeks monetary damages from the Defendants.

Mr. Staszak further alleges in the Complaint that the denial of sex offender treatment violates his Eighth Amendment rights because he needs sex offender treatment before he can be released back into the community, but is not receiving it. He further alleges that unspecified individuals have denied him adequate medical care for various conditions and ailments.  Finally, he alleges that he is being given a diet that is not "entirely consistent with [his] religious beliefs." (ECF No. 1, at 9).

The Complaint is deficient because Mr. Staszak fails to allege facts to show that each named Defendant was personally involved in the alleged deprivation of his constitutional rights.  Personal participation is an essential element in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v.*

*Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (citations and quotations omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010).  A supervisor can only be held liable for his own deliberate intentional acts.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

In the Complaint, Mr. Staszak alleges that Defendant Gonzales denied his request for a polygraph test three weeks before Plaintiff appeared before the Parole Board, and that the other Defendants, except for Defendant Raemisch, denied his grievances concerning the lack of sex offender treatment.  Plaintiff alleges that Defendant Raemisch is responsible for the alleged constitutional deprivation because of his position as Executive Director of the CDOC.

Plaintiff seeks to hold Defendant Raemisch liable based on his supervisory status, which is improper under § 1983.  Furthermore, the other Defendants cannot be held liable under § 1983 on the basis that they denied Plaintiff's grievances.  The "denial of a grievance, by itself without any connection to the violation of constitutional

rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher*, 587 F.3d at 1069; *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983"). Plaintiff does not allege facts to show that any of the named Defendants were responsible for determining his placement in a sex offender treatment program.

And, finally, to the extent Mr. Staszak is asserting a deprivation of his Eighth Amendment right to adequate medical care and his First Amendment right to a religious diet, he fails to state arguable claims for relief. As an initial matter, none of the named Defendants are implicated in the alleged constitutional violations. Further, the Eighth Amendment is violated when prison officials act with deliberate indifference to an inmate's serious medical needs. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quotations omitted) ("[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious . . . [Second,] a prison official must have a sufficiently culpable state of mind."). To state a free-exercise claim under the First Amendment, Plaintiff must allege a substantial burden on his or her

sincerely held religious beliefs. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (addressing sufficiency of allegations under Free Exercise Clause). The allegations in the Complaint are insufficient to show an arguable deprivation of Mr. Staszak's First or Eighth Amendment rights. Accordingly, it is

ORDERED that Plaintiff, John R. Staszak, file **within thirty (30) days from the date of this order,** an Amended Complaint that complies with the directives in this order. It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file an Amended Complaint within the time allowed, the Court will review the allegations of the original Complaint, which may result in the dismissal of all or part of this action without further notice.

DATED April 9, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge